## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ABDOULAYE BA, | ) | Case No. 4:25-cv-02208 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| DIRECTOR OF DETROIT FIELD | ) | |
| OFFICE, U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Abdoulaye Ba, a Mauritanian citizen illegally present in the United States and in custody without bond pending removal proceedings, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**. Further, the Court **GRANTS** a certificate of appealability.

## STATEMENT OF FACTS

According to Petitioner, Mr. Ba entered the United States without inspection or parole on or about August 1, 2023 and, ever since, has resided in this country. (ECF No. 1, ¶ 22, PageID #5.) Immigration and Customs Enforcement arrested Mr. Ba shortly after his entry. (*Id.*, ¶ 23, PageID #6.) Petitioner claims that Mr. Ba was released on his own recognizance pursuant to 8 U.S.C. § 126(a) and issued a notice to appear before an Immigration Judge for removal proceedings under 8 U.S.C. § 1229a. (*Id.*; ECF No. 1-1.) He was charged with, among other things, being

inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) because he entered the United States without inspection.  (ECF No. 1, ¶ 24, PageID #6.)

On January 22, 2024, Mr. Ba petitioned for asylum.  (*Id.*, ¶ 25, PageID #6.)  He alleges that, after Mr. Ba appeared for an Immigration Court hearing on July 9, 2025, the Department of Homeland Security moved to dismiss his case and his asylum application so that he could be removed pursuant to 8 U.S.C. § 1225.  (*Id.*, ¶ 27, PageID #6.)  Mr. Ba claims that he was not provided with an opportunity to respond to the motion, which the Immigration Court granted.  (*Id.*, ¶ 28, PageID #6; ECF No. 1-2.)  Mr. Ba was arrested and taken into custody when he left the courtroom.  (ECF No. 1, ¶ 29, PageID #6.)  He has been detained at the Northeast Ohio Correctional Center ever since.  (*Id.*)  Mr. Ba appealed the Immigration Court's dismissal of his removal proceedings to the Board of Immigration Appeals.  (*Id.*, ¶ 30, PageID #6.)

Following a hearing on September 25, 2025, the Immigration Court denied Mr. Ba's request for bond, determining that it lacked jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.*, ¶ 31, PageID #7; ECF No. 1-3.)  The ruling indicated that respondent had checked the box reserved for appeal, and that the appeal was due October 27, 2025.  (ECF No. 1-3, PageID #25.)  During his detention, Petitioner claims that Mr. Ba has been hospitalized twice due to the food upsetting his stomach, and he was bound for hours at a time.  (ECF No. 1, ¶ 24, PageID #7.)  Also, Mr. Ba was held in solitary confinement for a week following his

last hospital visit and provided with limited access to the outdoors.  (*Id.*, ¶ 25, PageID #7.)

## STATEMENT OF THE CASE

On October 15, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  He alleges that his detention violates: (1) detention provisions of the Immigration and Nationality Act; (2) federal regulations regarding interpretation and application of the Act; and (3) the Due Process Clause of the Fifth Amendment.  (*Id.*, ¶¶ 24–36, PageID #13–16.) Specifically, Petitioner contends that the application of 8 U.S.C. § 1225(b)(2) to Mr. Ba "unlawfully mandates his continued detention and violates the plain language of the INA," as well as 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.  (*Id.*, ¶¶ 26, 27, PageID #14.)  Further, he claims that "[t]he government's detention of Mr. Ba without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process."  (*Id.*, ¶ 36, PageID #16.)

## ANALYSIS

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.  This statute requires an initial screening of a petition.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner.  *Id.*  "If it plainly appears from the petition and any

3

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the [habeas] petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). In *Leonardo*, the petitioner pursued habeas review of the Immigration Court's adverse bond determination before he appealed to the Board of Immigration Appeals. *Id.* The Ninth Circuit determined that filing a habeas petition in federal district court was improper because the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id.* (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)). The Sixth Circuit has endorsed this procedure for challenging bond determinations, albeit in a short, unpublished order. *See Rabi v. Sessions*, No. 19-3249, 2018 U.S. App. LEXIS 19661, at *1–2 (6th Cir. July 16, 2018) (citing *Leonardo*, 646 F.3d at 1160); *see also Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-01621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025) (applying the Ninth Circuit's test for prudential exhaustion). Previously, the Court has done so as well. *See Monroy Villalta v. Greene*, No. 4:25-cv-1594, 2025 WL 2472886, at *2 (Aug. 25, 2025 N.D. Ohio); *Laguna Espinoza v. Director of Detroit Field Office, U.S.*

4

*Immigration and Customs Enforcement, et al.*, No. 4:25-cv-02107, 2025 WL 2878173, at *2 (N.D. Ohio Oct. 9, 2025).

In this case, the Immigration Court's ruling indicated that Mr. Ba had reserved appeal and that the appeal was due October 27, 2025. (ECF No. 1-3, PageID #25.) Therefore, Mr. Ba's time to appeal the bond decision has not yet lapsed, nor has the Board of Immigration Appeals issued a ruling on the decision. As in *Leonardo*, 646 F.3d at 1160, prudential principles of exhaustion counsel that Petitioner pursue his administrative remedies to a final judgment from the Board of Immigration Appeals before seeking a writ of habeas corpus. In the petition, counts one and two allege violations of 8 U.S.C. §§ 1225(b) and 1226(a) and their implementing regulations. (ECF No. 1, ¶¶ 24–27, PageID #13–14.) Though count three is styled as a Fifth Amendment due process claim, it too presents claims about the statute and its associated procedures. (*Id.*, ¶¶ 28–36, PageID #15–16.)

Further, Petitioner seeks review of the application and interpretation of *Matter of Yajure Hurtado*, 29 I&N Dec. 216, (BIA 2025). (*Id.*, ¶¶ 39–45, PageID #10–12.) In other words, any determination regarding detention here turns on interpretation and application of the governing removal regime. In the first instance, such review should proceed before the Board of Immigration Appeals to "apply its experience and expertise without judicial interference." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (abrogated on other grounds); *see also Rojas-Garcia v. Ashcroft*, 39 F.3d 814, 819 (9th Cir. 2003) (acknowledging that a "petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those

5

claims are reviewable by the BIA on appeal"); *Monroy Villalta*, 2025 WL 2472886, at *2; *Laguna Espinoza*, 2025 WL 2878173, at *2.

Because of the expertise the Board of Immigration Appeals and the immigration courts more generally have in the statutory and administrative regimes governing the admission and removal of foreigners, "'many of the purposes for requiring exhaustion' may be served by permitting agency review in the first instance.'" *Hernandez Torrealba*, 2025 WL 2444114, at *11 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).  Indeed, courts outside this Circuit acknowledge that the purposes of requiring exhaustion in the immigration context "include protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry*, 329 F.3d at 62 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *McKart v. United States*, 395 U.S. 185, 193–95 (1969)).

For these reasons, the Court determines that Petitioner should pursue this matter before the Board of Immigration Appeals.  Because the petition makes no mention of a stay and does not demonstrate grounds for excusing exhaustion, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding.  28 U.S.C. § 2253(c)(1).  Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because of an absence of controlling precedent in this Circuit on the proper procedure on the facts and circumstances presented, the Court acknowledges that reasonable jurors may disagree with the application of prudential exhaustion.  For these reasons, the Court **GRANTS** a certificate of appealability on count three of the petition.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**.  Further, the Court **GRANTS** a certificate of appealability on count three of the petition.

**SO ORDERED.**

Dated:  October 22, 2025

_____
     J. Philip Calabrese
     United States District Judge
     Northern District of Ohio