# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ABDOULAYE BA, | ) | Case No. 4:25-cv-02208 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| DIRECTOR OF DETROIT FIELD | ) | |
| OFFICE, U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## OPINION AND ORDER

On October 15, 2025, Petitioner Abdoulaye Ba, a Mauritanian citizen illegally present in the United States and in custody without bond pending removal proceedings, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 22, 2025, the Court dismissed the petition without prejudice, determining that Mr. Ba should pursue this matter before the Board of Immigration Appeals. *See Ba v. Director of Detroit Field Off.*, No. 4:25-cv-02208, 2025 WL 2977712, at *3 (N.D. Ohio Oct. 22, 2025). On November 19, 2025, Petitioner moved for reconsideration of the Court's ruling pursuant to Rule 59. For the following reasons, the Court **DENIES** that motion.

## PROCEDURAL BACKGROUND

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas

corpus.  This statute requires an initial screening of a petition.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner.  *Id.*  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

### A.     Statutory Language

8 U.S.C. § 1252(a)(2) provides that no court has jurisdiction to review any immigration matter except as provided by statute:  "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review" immigration cases.

As relevant here, judicial review is available in two circumstances.  First, a final order of removal is subject to judicial review by "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," *not* the district court.  8 U.S.C. § 1252(b)(2); *see also id.* § 1252(b)(9).  Second, 8 U.S.C. § 1252(a)(2)(D) preserves the ability to petition for a writ of habeas corpus to raise a constitutional issue.  In that case, however, Congress significantly limited judicial review and the ability of courts to engage in fact-finding:

> no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, . . . or by any other provision of law (statutory or nonstatutory), to review such an order [a final order of removal] or such questions of law or fact [those involving interpretation and application of statutory provisions, arising from any

2

action taken or proceeding brought to remove an alien from the United States].

*Id.* § 1252(b)(9). This statute "does not present a jurisdictional bar" to judicial review where "respondents are not asking for review of an order of removal." *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019). However, the Supreme Court made clear that "nothing in the statutory text [of Section 1225(b)(1) and (b)(2)] imposes any limit on the length of detention." *Jennings*, 583 U.S. at 297. The Supreme Court acknowledged that "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.* at 302.

### B.    Judicial Interpretation

Against this background, federal district courts have taken competing approaches to whether petitioners are entitled to a bond hearing pending removal under this statutory framework. The majority of courts agree with Petitioner that such entitlement is warranted. *See, e.g.*, *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025); *Gomes v. Hyde*, No. 1:25-cv-11571, 2025 WL 1869299, at *9 (D. Mass. July 7, 2025); *Paredes Padillia v. Galovich, et al.*, No. 25-cv-863, 2025 WL 3251446, at *6 (W.D. Wis. Nov. 21, 2025); *Diaz-Villatoro v. Larose, et al.*, No. 25-cv-3087, at *4 (S.D. Cal. Nov. 21, 2025). However, at least three courts have taken a contrary position, agreeing with the United States's reading of the statute. *See, e.g.*, *Mejia Olalde v. Noem*, No. 1:25-cv-00168, 2025 WL 3131942, at *2 (E.D. Mo. Nov. 10, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351, at *9 (D. Neb. Sept.

30, 2025); *Chavez v. Noem*, No. 3:25-cv-02325, 2025 WL 2730228, at *4 (S.D. Cal. Sept. 24, 2025).

In the Court's view, both approaches are mistaken.  The statutory framework provides a limited role for district courts to review a habeas petition in the immigration context not concerning a final order of removal.  8 U.S.C. § 1252(a)(2)(D). That is, Section 1252 preserves the ability of district courts to review a petition for a writ of habeas corpus regarding a constitutional issue.  *Id.*  But outside of challenges involving indefinite detention or certain conditions of confinement, other constitutional issues such as Fifth Amendment due process claims are often entwined with interpretation and implementation of the statutory framework and its associated procedures.  *Ba*, 2025 WL 2977712, at *2; *Monroy Villalta v. Greene*, No. 4:25-cv-01594, 2025 WL 2472886, at *2 (N.D. Ohio Aug. 5, 2025); *Laguna Espinoza v. Director of Detroit Field Off., U.S. Immigr. & Customs Enf't*, No. 4:25-cb-02107, 2025 WL 2878173, at *2 (N.D. Ohio Oct. 9, 2025).  Put another way, a constitutional challenge to detention pending removal and entitlement to a bond hearing pending removal collapse into analysis of the statutory and regulatory regime—something Congress has made clear a district court may not do, even on a habeas petition under Section 2241.

In those contexts, prudential principles of exhaustion counsel that a petitioner pursue his administrative remedies to a final judgment from the Board of Immigration Appeals before seeking a writ of habeas corpus.  Because of the expertise that the Board of Immigration Appeals and the immigration courts more generally

4

have in the statutory and administrative regimes governing the admission and removal of foreigners, "'many of the purposes for requiring exhaustion' may be served by permitting agency review in the first instance." *Ba*, 2025 WL 2977712, at *3 (quoting *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-01621, 2025 WL 2444114, at *11 (N.D. Ohio Aug. 25, 2025)); *see also Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (discussing the benefits of limiting judicial interference in agency affairs in the immigration context).

## ANALYSIS

Generally, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 delineate the circumstances under which a court will grant reconsideration.   Justifying reconsideration requires a moving party to:  (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).  A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).  Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault*

*Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

## I.     Clear Error

Petitioner seeks "this Court's reconsideration based on clear error of law and to prevent manifest injustice." (ECF No. 5, PageID #58.)  He claims that "[t]he Court's order dismissing Mr. Ba's petition contains a clear error of law because it imposes an administrative exhaustion requirement where it does not apply."  (*Id.*)  Petitioner bases this argument on (1) the Court's citation of *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), and (2) the futility of requiring exhaustion.  (*Id.*, PageID #58–60.)

### I.A.    *Leonardo*

According to Petitioner, the Court improperly cited *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), when it determined that "Mr. Ba should have exhausted administrative remedies by appealing the IJ's bond decision to the BIA." (ECF No. 5, PageID #58.)  Petitioner argues that, because the petitioner in *Leonardo* was detained pursuant to 8 U.S.C. § 1226 instead of 8 U.S.C. § 1225 in the case of Mr. Ba, the case is distinguishable because "noncitizens detained under § 1226 are entitled to a bond hearing before an immigration judge," whereas those detained under Section 1225 are not.  (*Id.*, PageID #58–59.)

But the Court merely cited *Leonardo* for the general principle regarding prudential principles of exhaustion that, "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the [habeas] petition without prejudice or stay the proceedings until the petitioner has

6

exhausted remedies, unless exhaustion is excused." *Ba*, 2025 WL 2977712, at *2 (quoting *Leonardo*, 646 F.3d at 1160). That principle of exhaustion applies regardless of the statutory authority pursuant to which an alien is held, particularly in light of the limited jurisdiction Congress gave the courts generally, and district courts in particular, in immigration matters.

What matters is that any "determination regarding detention here turns on interpretation and application of the governing removal regime," which, in the first instance, should proceed before the Board of Immigration Appeals to "apply its experience and expertise without judicial interference." *Ba*, 2025 WL 2977712, at *2 (quoting *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (abrogated on other grounds)).

### I.B.   Futility

Next, Petitioner argues that "exhaustion would be futile because the IJ's denial of bond was pursuant to a BIA precedent decision, which the Board would necessarily enforce on Mr. Ba's appeal" because "the BIA has already made its interpretation clear and continues to dismiss appeals of bond denials to similarly-situated non-citizens in other cases." (ECF No. 5, PageID #59; ECF No. 5-3.) But courts in this Circuit have determined that even where there is a "high probability of denial" of a petitioner's appeal of an Immigration Judge's bond decision, such a probability "does not weigh in favor of waiving exhaustion." *Hernandez Torrealba*, 2025 WL 2444114, at *11.

In *Hernandez Torrealba*, the petitioner sought relief from the exhaustion requirement based on a decision of the Board of Immigration Appeals affirming the

denial of bond.  But the court was "not certain how the BIA will rule on Petitioner's appeal given the particular circumstances of her case, and it would be presumptuous of this Court to simply assume that the BIA will rule against Petitioner." *Id.*  So too here.  Speculation of denial or some other outcome, no matter the probability, does not weigh in favor of waiving exhaustion, especially where doing so risks judicial interference with the expertise of the Board of Immigration Appeals and the immigration courts more generally.  *Laguna Espinoza*, 2025 WL 2878173, at *3 (quoting *Hernandez Torrealba*, 2025 WL 2444114, at *11).

*     *     *

For these reasons, the Court determines that Petitioner has failed to establish that the Court committed clear error in its previous determination that Mr. Ba should pursue this matter before the Board of Immigration Appeals.  *Ba*, 2025 WL 2977712, at *3.

## II.  Manifest Injustice

Petitioner indicated that, "[a]fter the Court's order dismissing his petition, Mr. Ba filed an appeal of the IJ's decision denying bond," but, "[n]early a month later, the Board has taken no action in the appeal." (ECF No. 5, PageID #60; ECF No. 5-1; ECF No. 5-2.)  Petitioner cites data regarding appeals before the Board in previous fiscal years to support his contention that "[c]ases before the BIA often languish for years." (ECF No. 5, PageID #60.)  He argues that "the Court requires Mr. Ba to remain detained for months or even years while pursuing an appeal of which the outcome is already clear," constituting manifest injustice.  (*Id.*, PageID #61.)

8

Mr. Ba has been detained since July 9, 2025. *Ba*, 2025 WL 2977712, at \*1. As of the time of filing his motion for reconsideration, roughly 133 days have passed. That amount of time falls far short of that of petitioners in other cases where courts have determined that further delay would result in "prolonged detention without due process," such as the detention of a petitioner for five years and three months in *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019). Further, the Supreme Court made clear that "nothing in the statutory text [of Section 1225(b)(1) and (b)(2)] imposes any limit on the length of detention." *Jennings*, 583 U.S. at 297. The Supreme Court acknowledged that "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.* at 302. Moreover, the Court issued a certificate of appealability, but Mr. Ba has not appealed the Court's prior ruling. *Ba*, 2025 WL 2977712, at \*3.

Accordingly, the Court cannot say that any manifest injustice arises from seeking relief through the statutory and regulatory framework governing immigration and removal. Mr. Ba could have chosen to appeal the Court's decision and seek relief with the Sixth Circuit. He has not done so. The Court cannot say that any manifest injustice results from Petitioner's choice.

## CONCLUSION

For the foregoing reasons, the Court declines to reconsider its prior ruling. Therefore, the Court **DENIES** Petitioner's motion for reconsideration. (ECF No. 5.)

**SO ORDERED.**

Dated:  November 24, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio